IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
    v.                      )   No. 03 CR 435-1
                            )
HERMIZ KORIL,               )
                            )
            Defendant.      )

MEMORANDUM OPINION AND ORDER

In August 2003, Hermiz Koril pleaded guilty to one count of mail fraud for filing a fraudulent insurance claim based on a staged automobile accident. He was sentenced to one year of probation.

On June 15, 2015, Koril filed a motion to expunge his record on the grounds that (1) he has not been involved in any civil or criminal cases since 2003 and (2) he is a local businessman who would like to "clean his record." I deny Koril's motion to expunge for the reasons stated below.

I.

"[F]ederal courts are without jurisdiction to order an Executive Branch agency to expunge what are admittedly accurate records of a person's indictment and conviction." *U.S. v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993). "*Janik* established, however, that district courts *do* have jurisdiction to expunge

records maintained by the judicial branch." *U.S. v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (emphasis added).[1]

"The test for the expungement of judicial records is a balancing test: 'if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.'" *Id*. (quoting *Janik*, 10 F.3d at 472). The adverse consequences must be "unwarranted" in the sense of being worse than the unfortunate, but predictable consequences of having an arrest or conviction record. *Id*. (noting that the difficulty of finding employment is generally not an unwarranted adverse consequence of having a criminal record). Ultimately, the "unwarranted adverse consequences must be *uniquely significant* in order to outweigh the strong public interest in maintaining accurate and undoctored [court] records." *Id*. (emphasis added).

"[T]he balance very rarely tips in favor of expungement." *Flowers*, 389 F.3d at 740 (holding that district court abused its discretion in expunging court records of woman who pleaded guilty to crime, described her post-conviction accomplishments, and expressed concern that her criminal records would impede her

---

[1] *Flowers*, the Seventh Circuit's most recent expungement case, has been called into question by other circuits because it failed to address *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994), which identified only two permissible grounds for exercising ancillary jurisdiction, neither of which seems to encompass expungement motions. *See U.S. v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010).

job search); *see e.g., Janik* 10 F.3d at 472-73 (affirming denial of request to expunge court records even where defendant's conviction had been overturned on appeal and he was struggling to find employment because of his record); *see also Scruggs v. U.S.*, 929 F.2d 305, 307 (7th Cir. 1991) (affirming denial of request to expunge arrest records even though defendant had been found not guilty).

II.

In this case, Koril has not identified any unwarranted adverse consequences that might outweigh the strong public interest in maintaining full and complete court records. *Flowers* shows that Koril's post-conviction accomplishments-- i.e., staying out of any civil or criminal suits since 2003--are insufficient to warrant expungement. As for Koril's concern that his criminal record will harm his local business, *Flowers* and *Janik* rejected expungement requests based on the adverse economic consequences that any person with an arrest or conviction record is likely to suffer. Those consequences are "unfortunate," but not "unwarranted." *Flowers*, 389 F.3d at 739-40. Finally, Koril is in a far less sympathetic position than the defendants in *Janik* (where the underlying conviction had been overturned on appeal) and *Scruggs* (where a jury had returned a not guilty verdict). Both of those defendants were

3

unable to expunge their records; it follows that an admittedly guilty defendant like Koril is not entitled to expungement.

III.

Koril's motion for expungement is DENIED for the reasons stated above.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 17, 2015

4